13-4362-cv
Johnson v. Conn. Dep't of Admin. Servs.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 7th day of January, two thousand fifteen.

Present:     ROSEMARY S. POOLER,
             DEBRA ANN LIVINGSTON,
             CHRISTOPHER F. DRONEY,
                  *Circuit Judges*.

_____

REBECCA JOHNSON,

                *Plaintiff-Appellant*,

            v.                                                          13-4362-cv

CONNECTICUT DEPARTMENT OF ADMINISTRATIVE SERVICES,

                *Defendant-Appellee*.
_____

Appearing for Appellant:     Josephine S. Miller, Danbury, CT.

Appearing for Appellee:      Jill Lacedonia, Assistant Attorney General, and Ann E. Lynch,
                             Assistant Attorney General, Department Head, *for* George Jepsen,
                             Attorney General, Hartford, CT.

Appeal from the United States District Court for the District of Connecticut (Bryant, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-appellant Rebecca Johnson appeals from the September 13, 2013 order of the United States District Court for the District of Connecticut (Bryant, *J.*) granting summary judgment in favor of defendant-appellee Connecticut Department of Administrative Services ("DAS") on Johnson's claims of racial discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review orders granting summary judgment de novo, focusing on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). We resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Nationwide Life Ins. Co. v. Bankers Leasing Ass'n, Inc.*, 182 F.3d 157, 160 (2d Cir. 1999). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

An independent review of the record and relevant case law reveals no error in the district court's grant of summary judgment in favor of DAS. Accordingly, we affirm substantially for the reasons set forth by the district court in its thorough and well-reasoned opinion.

We have considered the remainder of Johnson's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk